**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Veronica Vacaneri, et al., | CIV. 13-2262-PHX-PGR |
| Plaintiffs, | **ORDER** |
| v. | |
| Tehran Ryles, et al., | |
| Defendants. | |

Before the Court are Defendants' motion to dismiss and motion to strike. (Docs. 3, 11.) Plaintiffs filed responses in opposition. (Docs. 7, 13.) For the reasons set forth herein, the motions will be granted in part.

### **DISCUSSION**

Plaintiffs are Veronica Vacaneri and Joel Smith Jr. individually and as the parents of Joel Smith III, who died on September 13, 2012, after being shot by Deputy Tehran Ryles of the Maricopa County Sheriff's Office. Plaintiffs filed a complaint on September 12, 2013, asserting five causes of action: negligence, assault, battery, negligence per se, and federal civil rights violations.. (Doc. 1-1.) Defendants include Deputy Ryles, Maricopa County, the Maricopa County Sheriff's Office ("MCSO"), Sheriff Joseph Arpaio, and the Town of Guadalupe. (*Id.*)

**1.    Motion to Dismiss**

    A.    Failure to comply with A.R.S. § 12-821.01

Defendants contend that Plaintiff Joel Smith Jr.'s state law claims against Deputy Ryles, Sheriff Arpaio, and the Town of Guadalupe are barred because Smith Jr. failed to comply with Arizona's notice of claims statute. The Court agrees.

On March 7, 2013, Smith Jr. served a notice of claim on the Maricopa County Board of Supervisors, the Maricopa County Sheriff, and a "John Doe" deputy. (Doc. 7-1, Ex. A.) He did not file and serve a notice of claim on Sheriff Arpaio or Deputy Ryles, or on the Town of Guadalupe. Plaintiff Vacaneri, however, did timely serve notices of claim on Deputy Ryles, Sheriff Arpaio, Maricopa County, and the Town of Guadalupe.

Before suing a public entity for damages, a plaintiff must file a notice of claim "with the person or persons authorized to accept service for the public entity . . . as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues." A.R.S. § 12-821.01(A). Arizona cases have made it clear that a "claimant who asserts that a public employee's conduct giving rise to a claim for damages was committed within the course and scope of employment must give notice of the claim to *both* the employee individually and to his employer." *Crum v. Superior Court In and For County of Maricopa*, 186 Ariz. 351, 352, 922 P.2d 316, 317 (App. 1996); *Johnson v. Superior Court*, 158 Ariz. 507, 763 P.2d 1382 (App. 1988) (explaining that "both public entities and their employees are entitled to notice of claims against them"); *see Dillon v. Arizona*, No. CV-08-796-PHX-GMS, 2008 WL 4628475, at *2 (D.Ariz. October 17, 2008) (finding state claims barred where "Plaintiffs still failed to give notice *to the individual employees* as required in the notice of claims statute"); *Norby v. City of Tombstone*, 2008 WL 5068835, at *3 (D.Ariz. December 1, 2008) ("A Notice of Claim as required by A.R.S. § 12–821.01.A. having not been timely served on individual Defendants, the state law claims against the individual Defendants acting in their official capacities are barred.").

Plaintiffs contend that Vacaneri's properly-served notices of claim are sufficient to establish compliance with A.R.S. § 12-821.01(A) for Plaintiff Smith Jr. because through her notices Sheriff Arpaio, Deputy Ryles, and the Town of Guadalupe received actual notice of Smith Jr.'s claims and therefore the purpose of the statute was fulfilled. (Doc. 7 at 5–6.) The Court disagrees. Arizona cases emphasize that "[a]ctual notice and substantial compliance do not excuse failure to comply with the statutory requirements of A.R.S. § 12–821.01(A)." *Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 527, 144 P.3d 1254, 1256

- 2 -

(2006); *see Nored v. City of Tempe*, 614 F.Supp.2d 991, 996–97 (D.Ariz. 2008) ("The Arizona Court of Appeals has repeatedly held that the doctrines of substantial compliance and actual notice of a claim may not be applied to allow a suit to proceed when a plaintiff has not strictly complied with the substantive terms of the statute.").

Because Plaintiff Smith Jr. did not comply with A.R.S. § 12-821.01(A), his state law claims against Deputy Ryles, Sheriff Arpaio, and the Town of Guadalupe are dismissed.

B.  Claims Plaintiffs concede must be dismissed

In response to Defendants' motion to dismiss, Plaintiffs clarify that in Causes of Action One through Four they are not bringing survival claims but a single wrongful death claim under A.R.S. § 12-611, for which assault, battery, and negligence serve as the wrongful acts. (Doc. 7 at 2–3.) Plaintiffs further concede that the claims against MCSO, a nonjural entity, *see Braillard v. Maricopa County*, 224 Ariz. 481, 487, 232 P.3d 1263, 1269 (App. 2010), must be dismissed and that Maricopa County is not vicariously liable for actions of Deputy Ryles and Sheriff Arapaio, *see Fridena v. Maricopa County*, 18 Ariz.App. 527, 504 P.2d 58, 61 (App. 1972). (*Id.* at 6.) Therefore, Plaintiffs' claims against MCSO and their *respondeat superior* claims against Maricopa County will be dismissed with prejudice. Finally, Plaintiffs acknowledge that A.R.S. § 12-820.04 bars recovery of punitive damages on their state law claims. (*Id.* at 9.) Accordingly, the punitive damages claims asserted in Causes of Action One through Four are dismissed with prejudice.

C.  Failure to state a claim

The complaint's Fifth Cause of Action alleges civil rights violations under 42 U.S.C. § 1983. (Doc. 1-1, ¶¶ 37–43.) Specifically, Plaintiffs allege that they were "deprived of their constitutional interest in familial companionship and society of their child." (*Id.*, ¶ 40.) Having acknowledged that their claims against MCSO must be dismissed and that Maricopa County is not vicariously liable for any violations, Plaintiffs request leave to amend the complaint to substitute Sheriff Arapaio as the defendant. (Doc. 7 at 6.) Substituting Sheriff Arpaio will not cure the defects in Plaintiffs' civil rights claim.

There is no *respondeat superior* liability under § 1983, so a defendant's position as

- 3 -

the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Iqbal v. Ashcroft*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Instead, a supervisor in his individual capacity "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

The complaint alleges that MCSO improperly or inadequately trained Deputy Ryles; negligently and/or knowingly authorized the unreasonable hot pursuit and use of excessive force; hired Deputy Ryles without reasonably investigating or adequately determining his propensity for the type of improper conducted committed against the decedent; failed to adequately discipline Deputy Ryles for any improper conduct prior to the incident at issue; negligently retained Deputy Ryles; and implemented, maintained, and tolerated policies, practices, and customs which contributed to the improper conduct of Deputy Ryles. (Doc. 1-1, ¶ 39.)

Clearly, these allegations, standing alone, are insufficient to state a claim that Sheriff Arpaio as an individual violated Plaintiffs' constitutional rights. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998). Instead of facts supporting their claim, Plaintiffs have offered only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[I]nadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Training is inadequate for purposes of § 1983 when "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so

- 4 -

1  likely to result in the violation of constitutional rights, that the policymakers of the city can
2  reasonably be said to have been deliberately indifferent to the need." *Id.* at 390. "Mere
3  negligence in training or supervision . . . does not give rise to a *Monell* claim." *Dougherty*
4  *v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011); *see Blankenhorn v. City of Orange*,
5  485 F.3d 463, 484–85 (9th Cir. 2007) (explaining that "absent evidence of a program-wide
6  inadequacy in training, any shortfall in a single officer's training can only be classified as
7  negligence on the part of the municipal defendant—a much lower standard of fault than
8  deliberate indifference").

In addition to showing deliberate indifference, a plaintiff must establish that his constitutional "injury would have been avoided" had the governmental entity properly trained its employees. *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (citing *City of Canton*, 489 U.S. at 389–91); *see Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001). A plaintiff "must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Board Of County Commissioners v. Brown*, 520 U.S. 397, 404 (1997). The question is, "Would the injury have been avoided had the employee been trained under a program that was not deficient in the identified respect?" *City of Canton*, 489 U.S. at 391.

The complaint does not allege that the MCSO had a policy or a widespread practice of providing inadequate training for its deputies or suggest any causal link between such deficiencies and Deputy Ryles' actions. Plaintiffs' claims "lack any factual allegations that would separate them from the 'formulaic recitation of a cause of action's elements.'" *Dougherty*, 654 F.3d at 900 (quoting *Twombly*, 550 U.S. at 555); *see Nelson v. County of Sacramento*, 926 F.Supp.2d 1159, 1169 (E.D.Cal. 2013) ("Plaintiff needs more than the formulaic recitation of the elements of a claim to withstand a motion to dismiss; he needs factual allegations sufficient to raise his claim above a speculative level."); *Young v. City of Visalia*, 687 F.Supp.2d 1141, 1150 (E.D.Cal. 2009) (explaining that "without identifying the training and hiring practices, how those practices were deficient, and without an identification of the obviousness of the risk involved, the Court cannot determine if a

1 plausible claim is made for deliberately indifferent conduct"); *see also Hydrick v. Hunter*, 669 F.3d 937, 941 (9th Cir. 2012) (finding plaintiff's that "bald" and "conclusory" allegations insufficient to state a plausible claim).

In sum, the allegations in Plaintiffs' *Monell* claims are insufficient for purposes of Rule 12(b)(6). They do not identify the challenged policy or custom, explain how the policy or custom is deficient, explain how deficiency caused them harm, or reflect how the policy or custom amounts to deliberate. *See Alcay v. City of Visalia*, No. 1:12-CV-1643-AWI-SMS, 2013 WL 3244812, at *4 (E.D.Cal. June 26, 2013) (citing *Young*, 687 F.Supp.2d at 1163). Accordingly, the *Monell* claims asserted in Cause of Action Five are dismissed.

Plaintiffs seek to leave to amend in the event the Court grants Defendants' motion to dismiss. (Doc. 7 at 8.) Rule 15 of the Federal Rules of Civil Procedure declares that courts should "freely give leave [to amend] when justice so requires." *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("In dismissing for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") The Court will grant leave to amend.

**2.   Motion to Strike**

Defendants move to strike paragraphs 17–39 on the grounds that they identify five legal theories when Plaintiffs are asserting a single claim of wrongful death. (Doc. 11.) Alternatively, Defendants ask the Court to strike paragraphs 18, 24, 29, 36, and 39. (Doc. 15.) Plaintiffs oppose.

The court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). As already noted, Plaintiffs acknowledge that they have not stated cognizable claims against Maricopa County and MCSO as a matter of law. Defendants argue, and the Court agrees, that paragraphs 18, 24, 29, 36, and 39, which reference claims against Maricopa County and MCSO are immaterial and impertinent and should be stricken. Because Plaintiffs have conceded that MCSO in a non-jural entity and Maricopa County cannot be sued under a *respondeat*

*superior* theory, the claims must be dismissed, and the Court will strike paragraphs 18, 24, 29, 36, and 39.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' motion to dismiss (Doc. 3) is granted as follows:

(1) All state law claims asserted by Joel Smith Jr. against Deputy Ryles, Sheriff Arpaio, and the Town of Guadalupe are dismissed with prejudice.

(2) All claims against MCSO are dismissed with prejudice.

(3) All *respondeat superior* claims against Maricopa County are dismissed with prejudice.

(4) All punitive damages claims alleged in Causes of Action One through Four are dismissed with prejudice.

(5) All *Monell* official capacity claims alleged in Cause of Action Five are dismissed, with leave to amend.

IT IS FURTHER ORDERED granting in part Defendants' motion to strike (Doc. 11). Paragraphs 18, 24, 29, 36, and 39 are stricken.

IT IS FURTHER ORDERED that Plaintiff Vacaneri may filed an amended complaint no later than April 11, 2014.

DATED this 21st day of March, 2014.

Paul G. Rosenblatt
United States District Judge