**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Veronica Vacaneri, et al.,

Plaintiffs,

v.

Tehran Ryles, et al.,

Defendants.

No. CV-13-02262-PHX-PGR

**ORDER**

Before the Court is Defendants' Motion to Dismiss and Motion to Strike. (Doc. 24.) On April 11, 2014, Plaintiffs filed a second amended complaint ("SAC") alleging two counts: "wrongful death by excessive force" and civil rights violations under 42 U.S.C. § 1983. (Doc. 22.) Defendants move to dismiss the civil rights claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. They also move to strike paragraph 26 of the SAC as impertinent and immaterial under Rule 12(f).

Plaintiffs oppose the motion. (Doc. 27.) For the reasons set forth herein, the motion is granted.

**DISCUSSION**

Plaintiffs are Veronica Vacenri and Joel Smith, Jr., individually and as the parents of Joel Smith III, who died on September 13, 2012, after being shot by Deputy Tehran

Ryles of the Maricopa County Sheriff's Office during a law enforcement incident on September 13, 2012.[1] Defendants include Deputy Ryles, Maricopa County Sheriff Joseph Arpaio, and the Town of Guadalupe.[2] (*Id.*)

**1. Rule 12(b)(6)**

The Federal Rules of Civil Procedure require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal for insufficiency of a complaint is proper if the complaint fails to state a claim on its face. *See Lucas v. Bechtel Corp.*, 633 F.2d 757, 759 (9th Cir. 1980). A Rule 12(b)(6) dismissal for failure to state a claim can be based on either the lack of a cognizable legal theory or insufficient facts to support a cognizable legal claim. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In determining whether an asserted claim can be sustained, all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). With respect to factual allegations, the Supreme Court has explained that they "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, the complaint must

---

[1] According to law enforcement reports, Tempe police officers and Deputy Ryles were pursuing Smith III on foot in response to a report of burglary and trespassing. Smith III was armed with a knife. Deputy Ryles commanded Smith III to drop the knife. When Smith III refused, Deputy Ryles fired two volleys of shots, fatally wounding Smith III. (See Doc. 11-1–11-6.)

[2] Plaintiffs filed a complaint in Maricopa County Superior Court on September 12, 2013. Defendants removed the case on November 5, 2013. (Doc. 1.) On March 21, 2014, the Court granted in part Defendants' motion to dismiss, with leave to file an amended complaint. (Doc. 18.)

contain more than "an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**2. Section 1983**

Forty-two U.S.C. § 1983 creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution. It does not create any substantive rights; rather, it is a vehicle whereby plaintiffs can challenge actions by government officials. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). To prove a case under § 1983, a plaintiff must demonstrate that (1) the action occurred under color of state law and (2) the action resulted in the deprivation of a constitutional right or federal statutory right. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.2002); *Balistreri*, 901 F.2d at 699.

**3. Analysis**

**A. Survivorship claim**

Paragraph 26 of the SAC alleges violations of decedent Joel Smith III's constitutional rights:

> Defendant Deputy TEHRAN RYLES, acting under color of state law, knowingly, willfully, and intentionally deprived Decedent JOEL SMITH, III of his rights, privileges, and immunities secured by 42 U.S.C. 1983 & 1988, other federal and state statutes, as well as the Constitution of the State of Arizona and United States, including the Fourth and Fourteenth Amendments, by:
> a) Needlessly and unreasonably subjecting JOEL SMITH, III to excessive force exerted by the Defendant Deputy TEHRAN RYLES and at the Defendant's direction;

b) Intentionally and recklessly shooting JOEL SMITH, III in a harmful and offensive manner and thereby killing Decedent SMITH;
c) Denying JOEL SMITH, III his substantive due process of law; and
d) Denying JOEL SMITH, III his right to freedom from summary punishment/wrongful death.

(Doc. 22, ¶ 26.)

Defendants argue that these allegations state a survivorship claim under § 1983, which Plaintiffs lack standing to pursue. (Doc. 24 at 3.) Plaintiffs appear to concede this point, and the Court agrees.

As a general rule, only the person whose Fourth Amendment rights were violated can sue to vindicate those rights. *Smith v. City of Fontana*, 818 F.2d 1411, 1417 (9th Cir. 1987). "In § 1983 actions, however, the survivors of an individual killed as a result of an officer's excessive use of force may assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action. The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action." *Moreland v. Las Vegas Metropolitan Police Dept.*, 159 F.3d 365, 369 (9th Cir. 1998).

In response to Defendants' motion, Plaintiffs indicate that they are not asserting a survivorship claim. (Doc. 27 at 3.) Nor could they bring such a claim. Under Arizona's survival statute, familial ties, without more, are insufficient to confer standing to act on behalf of a decedent's estate. *See* AR.S. § 14–3110; *see also Lacer v. Navajo County*, 141 Ariz. 396, 404, 687 P.2d 404, 412 (App.1983) ("only the personal representative" has standing "to bring" a survival action); A.R.S. § 14–3104 ("to acquire the powers and

undertake the duties and liabilities of a personal representative of a decedent, a person shall be appointed by order of the court or statement of the registrar”).

In addition, as Defendants note, the § 1983 claim set forth at ¶ 26(a), alleging that an unidentified Defendant “directed” Deputy Ryles to use excessive force, fails as a matter of law. *Respondeat superior* claims are not cognizable under § 1983, and Plaintiffs failed to identify the subject Defendant or allege any facts showing any particular Defendant personally “directed” Deputy Ryle’s conduct. *See Iqbal*, 556 U.S. at 676.

Plaintiffs have not met their burden of showing that they meet Arizona’s requirements for bringing a survivorship civil rights claim. Moreover, they concede they are not bringing such a claim. Accordingly, the § 1983 survivorship claim alleging constitutional injuries to Smith III set forth at ¶ 26 is dismissed. The Court will also strike ¶ 26 as impertinent and immaterial under Rule 12(f) of the Federal Rules of Civil Procedure.

**B. Familial association claim**

Paragraph 27 of the SAC alleges that “Defendant Deputy TEHRAN RYLES deprived Plaintiffs VERONICA VACANERI and JOEL SMITH, JR of their constitutional interest in familial companionship and society of their child, JOEL SMITH, III.” (Doc. 22, ¶ 27.) Defendants contend that the allegations in the SAC fail to state a claim for a violation of the constitutional right of familial association. (Doc. 24 at 5.) The Court agrees.

“The Ninth Circuit recognizes that a parent has a constitutionally protected liberty interest under the Fourteenth Amendment in the companionship and society of his or her

child." *Curnow v. Ridgecrest Police et al.*, 952 F.2d 321, 325 (9th Cir.1991) (citations omitted). Police conduct violates a parent's due process rights if it "shocks the conscience." *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008); *see County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

In determining whether conduct shocks the conscience, the court first asks "whether the circumstances are such that actual deliberation [by the officer] is practical." *Porter*, 546 F.3d at 1137 (quoting Moreland, 159 F.3d at 372). Where actual deliberation is practical, an officer's "deliberate indifference" may suffice to shock the conscience. *Id.* "On the other hand, where a law enforcement officer makes a snap judgment because of an escalating situation, his conduct may only be found to shock the conscience if he acts with a purpose to harm unrelated to legitimate law enforcement objectives." *Id.* at 1140; s*ee Wilkinson v. Torres*, 610 F.3d 546, 554–55 (9th Cir. 2010). A purpose to harm might be found, for example, where an officer uses force to bully a suspect or "get even." *Id.*

The factual allegations in the SAC do not meet the "shock the conscience" standard. The SAC alleges that:

> 14. Defendant Deputy TEHRAN RYLES negligently used deadly force, violated protocol/policy, and exercised poor judgment, by using excessive force in a situation that did not require and/or justify the use of deadly/excessive force, and for wrongfully shooting JOEL SMITH, III.
>
> 15. Defendant Deputy TEHRAN RYLES was negligent in not determining the use of any safe alternatives to the use of deadly force. In this case, there were safe alternatives. Deputy RYLES was negligent by using excessive force in a situation that did not require and/or justify the use of excessive force, and for Defendant RYLES' wrongfully shooting, thereby demonstrating a reckless disregard for the safety of the JOEL SMITH, III,

which resulted in his wrongful death.

(Doc. 22, ¶¶ 14, 15.)

These allegations suffer from several shortcomings. First, Plaintiffs allege that Deputy Ryles acted negligently. However, "the Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Lewis*, 523 U.S. at 849.

The SAC offers no further support for a finding that Deputy Ryles's conduct "shocked the conscience."[3] The factual content provided by Plaintiffs fails to suggest, under the totality of the circumstances, that Deputy Ryles intended to inflict harm beyond that required for legitimate law enforcement reasons. The SAC lacks any non-conclusory allegations suggesting what Ryles's motives actually were; lacks allegations that he did not believe he was responding to an apparent emergency; and lacks allegations that he was not responding to a pre-existing situation, but created an emergency which he then resolved with deadly force. *See LaGrange v. Hatcher*, No. 3:09-cv-681-LRH-WGC, 2013 WL 2475793 at *2 (D.Nev. June 7, 2013) (citing *Porter*, 546 F.3d at 1141). In fact, Plaintiffs' "allegations lack any context whatsoever, requiring facts outside the complaint to even identify what occurred and to make sense of Plaintiff[s'] disjointed allegations." *Id.*

Plaintiffs contend that their allegations may be supported by future discovery. (Doc. 27 at 6.) This argument is faulty. A motion brought under Rule 12(b)(6) tests the

[3] While the SAC contains minimal facts concerning the shooting incident, the Court concludes that the purpose to harm standard applies. Deputy Ryles faced an escalating situation involving an evasive suspect and was required to act quickly. *See Porter*, 546 F.3d at 1140.

sufficiency of the complaint; it is a plaintiff's obligation to provide the grounds of his entitlement to relief with more than conclusions. *Twombly*, 550 U.S. at 555; *see Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 739 (9th Cir. 1987) (explaining that the purpose of Rule 12(b)(6) "is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery").

The allegations actually pled in the SAC do not support a familial association claim. As noted, even if true the allegations do not show that Deputy Ryles shot Smith III with a purpose to harm him for reasons unrelated to legitimate law enforcement objectives.

**CONCLUSION**

For the reasons set forth above,

IT IS HEREBY ORDERED granting Defendants' motion (Doc. 24). The civil rights claim set forth in the SAC is dismissed and ¶ 26 is stricken.

Dated this 11th day of June, 2014.

Paul G. Rosenblatt
United States District Judge